MURDOCK, Judge,
concurring in the result.
The flooding in this case occurred after torrential rainfalls of 9 inches and 11 inches. The evidence in the record is insufficient to support the conclusion that the drainage system constructed by Wal-Mart was constructed or maintained without reasonable care.
Langham’s own expert, Crist, testified that he was not aware of any engineering or design standard that Wal-Mart had violated. He further testified that he was not aware of any building codes or county codes that were violated. Further, he specifically testified that he could not state whether the retention ponds were adequate. Crist did testify that the design of the drainage system should have included a pipe to the ditch that ran south of Lang-ham’s house. This is the same ditch from which water overflowed into Langham’s house, however, and Crist could not say whether the inclusion of such a pipe in the design and construction of the drainage system would have prevented the flooding in question. The record does not contain substantial competent evidence indicating that the drainage system constructed by Wal-Mart was not reasonably designed, constructed, or maintained. I therefore concur in the result.